UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HUGO TOSCANA-CAZARES,<br><br>Defendant. | No. 1:09-cr-00272-DAD-BAM-2<br><br>ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)<br><br>(Doc. No. 377) |

On June 6, 2016, defendant Hugo Toscana-Cazares filed a pro se motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his previously imposed sentence based upon Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."). That amendment revised the Drug Quantity Table in U.S.S.G. § 2D1.1 and reduced by two levels the offense level applicable to many federal drug trafficking offenses. (Doc. No. 377.) The government has opposed defendant's motion on the basis that, since the drug quantity involved in his offense of conviction was more than 90 kilograms of heroin, the advisory sentencing guidelines would provide for the same offense level and the same sentencing range as originally calculated in defendant's case despite application of Amendment 782. (Doc. No. 381, at 4.)[1] The government's argument is

---

[1] On June 8, 2016, the court granted the Federal Defender's Office ninety days to supplement defendant's pro se motion or to notify the court that it did not intend to file a supplement. (Doc. No. 379.) On July 1, 2016, the Federal Defender's Office filed notice with the court that no supplement to the motion would be filed by that office on defendant's behalf. (Doc. No. 380.)

1

persuasive. The court will therefore deny defendant's motion for a reduction of sentence under 18 U.S.C. § 3582(c).

Section 3582(c)(2) authorizes district courts to modify a previously imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). Effective November 1, 2014, the U.S. Sentencing Commission promulgated Amendment 782 to the U.S.S.G., which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants. However, "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B). A district court's authority to modify a sentence pursuant to an amendment to the advisory guidelines is constrained by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 826 (2010).

In defendant's case the presentence report ("PSR") found the amount of controlled substance attributable to him amounted to 135 kilograms of heroin. (PSR at 10.) Applying the Drug Quantity Table in § 2D1.1(c)(4) of the 2010 Guidelines Manual then in effect, the PSR applied a base offense level of 38 to defendant "because the amount of heroin involved in the offense is at least 30 kilograms." (*Id*. at 10.) The PSR then applied a three-level reduction due to the defendant's acceptance of responsibility, resulting in a total adjusted offense level of 35. (*Id*. at 10–11.) Based upon this total offense level of 35 and a criminal history category of I, the PSR concluded that the advisory sentencing guidelines called for a sentence of 168 to 210 months imprisonment. (*Id*. at 15.) The PSR recommended that the defendant be sentenced to a term of imprisonment of 149 months, below the low end of the advisory sentencing guideline range. (*Id*. at 23.)

On November 28, 2011, the court sentenced defendant to a 149-month term of imprisonment, for one count of conspiracy to distribute and to possess with intent to distribute

heroin, and aiding and abetting under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and 18 U.S.C. § 2, with that sentence to run concurrently with any state sentence. (Doc. No. 255, at 1–2.)

Defendant now moves to reduce his sentence. However, Amendment 782 has not reduced the guideline range applicable to defendant since the amount of controlled substance attributable to him was found to be 135 kilograms of heroin. Under the amended Drug Quantity Table of U.S.S.G. § 2D1.1, the base offense level for an offense involving more than 90 kilograms of heroin remains at a level 38. After applying the same three-level reduction for acceptance of responsibility, defendant's total adjusted offense level remains 35. At the established criminal history category of I, defendant's advisory sentencing guideline range continues to call for a sentence of 168 to 210 months in prison, the same as it did prior to the adoption of Amendment 782.

Because the pertinent amendment does not result in a different advisory sentencing guideline range, the defendant is not entitled to a reduction in his sentence pursuant to 18 U.S.C. § 3582(c). *United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009) ("[A] reduction in the defendant's term of imprisonment . . . is not consistent with this policy statement if . . . an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range [.]").

For all of the reasons set forth above:

1.) Defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582 (Doc. No. 377) is denied; and

2.) The Clerk of the Court is directed to terminate defendant and close this case as to him.

IT IS SO ORDERED.

Dated: **August 2, 2016**       _____
                                         UNITED STATES DISTRICT JUDGE

3