UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO CESAR TOSCANO-CASZRES, | No. 1:09-cr-00272-DAD |
| Plaintiff, | |
| v. | ORDER REFERRING MOTIONS TO FEDERAL DEFENDER'S OFFICE |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner Hugo Cesar Toscano-Caszres is a federal prisoner who has filed a *pro se* motion for clarification, which appears to be a petition for writ of habeas corpus under 28 U.S.C. § 2241, in which he argues that his time credits were improperly calculated. (*See* Doc. No. 391.)[1] In his most recent request for clarification, deemed by the court to be a petition for habeas relief, petitioner appears to contend that although his federal sentence in this action was imposed to run concurrently with the state sentence he was then serving, he is not being given credit for the eighteen month sentence he served in the Santa Clara County Jail on the state court sentence. (*Id.*)

In response to an order of this court, the government filed a motion to dismiss on June 13, 2017. (Doc. No. 394.) In that motion, the government argues that: 1) the court already took into

---

[1] The court had previously denied petitioner's motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(2). (Doc. Nos. 377, 388 & 392.)

1

account via a downward variance the time served by defendant in Santa Clara Jail when it originally sentenced him on November 28, 2011 to a term of 149 months in prison;[2] and 2) the court lacks personal jurisdiction because petitioner must name as the respondent the warden of the prison where he is confined - the Reeves County Detention Center located in Pecos, Texas - and any habeas petition must be addressed to the district court in the district where petitioner is confined. (Doc. No. 394.)

The Federal Defender's Office ("FDO") will be appointed to represent defendant in conjunction with his *pro se* motion for clarification and the government's motion to dismiss. The FDO shall have 30 days from the date of this order to oppose the motion to dismiss and file a supplement to defendant's *pro se* motion under 28 U.S.C. § 2255 or to notify the court and the government it does not intend to file either an opposition or a supplement to petitioner's motion.

IT IS SO ORDERED.

Dated: **June 16, 2017**

                                                                     *Dale A. Drozd*
UNITED STATES DISTRICT JUDGE

---

[2] *See* Presentence Report at 21 ("the defendant should receive credit for relevant conduct that lead to a conviction in state court and a state prison sentence. It is thought a sentence of 149 months, a downward variance below the advisory guideline range, best serves to satisfy the stated factors of 18 USC 3553(a)."); *but see* Judgment (Doc. No. 255) at 2 ("The defendant is . . . to be imprisoned for a total term of 149 months, to run concurrently to the state sentence.").

2