UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HUGO CESAR TOSCANO-CEZARES,<br><br>Defendant. | No. 1:09-cr-00272-DAD-BAM-2<br><br>ORDER GRANTING MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241, AND WITHDRAWING REFERENCE TO THE FEDERAL DEFENDER'S OFFICE<br><br>(Doc. Nos. 391, 394, 396) |

On August 25, 2016, defendant filed a motion for clarification, requesting that the court advise the Bureau of Prisons[1] and the Reeves County Detention Center that his sentence in this case was to run concurrently to a state sentence he was serving in the Santa Clara County Jail. (Doc. No. 391.) On June 13, 2017, the government filed a motion to dismiss the petition for lack of jurisdiction. (Doc. No. 394.)

One federal court has provided a detailed explanation of the jurisdictional issue posed by the application now pending before this court:

> When a prisoner challenges the execution of a sentence, § 2241 governs. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A petition under 28 U.S.C. § 2241 attacks the execution of a

---

[1] Defendant actually references the "Federal Board of Prison," which the court takes to be simply a typographical error.

1

sentence rather than its validity . . . ." (citation omitted)). When he challenges the validity of the sentence, § 2255 governs. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (stating that § 2255 proceedings are used to collaterally attack the validity of a sentence). This sounds simple enough.

But, this distinction can generate confusion when a prisoner claims that a federal sentence should run concurrently with, rather than consecutively to, another sentence. The reason for the confusion is that this type of allegation can involve either the validity or execution of the sentence, depending on how the claim is asserted.

For example, when a prisoner questions how he is to serve two sentences, the claim will sometimes turn on whether the sentences are to run consecutively or concurrently. Because the claim involves how the inmate is to serve the sentences, § 2241 would ordinarily govern. An example appeared in *United States v. Miller*, 594 F.3d 1240 (10th Cir. 2010). There the federal court imposed a sentence to run consecutively to a prior state sentence. *Miller*, 594 F.3d at 1241. The petitioner asked the federal court to designate the state prison as the place to serve the federal sentence. *Id*. That would have made the sentences concurrent because the petitioner would have been receiving credit for both sentences at the same time. *Id*. Because the petitioner was challenging only the place for service of the federal term, however, the court regarded the claim as one involving execution of the sentence for purposes of § 2241.5. *Id*. at 1242.

A different scenario exists when the inmate challenges the correctness of the federal court's action when it imposed the sentence. For example, the federal court may say that its sentence will run consecutively to another sentence. The prisoner may disagree and argue that the federal court should have said that the sentences would run concurrently, rather than consecutively. In this situation, the prisoner is challenging the validity of the sentence that was imposed. This type of claim constitutes a classic challenge to the validity of the sentence and is ordinarily cognizable under § 2255, but not § 2241.

The threshold issue is which type of claim does Petitioner assert.

*James v. Warden, FCI El Reno, Okla.*, No. CIV-13-641-HE, 2014 WL 1330015, at *4-5 (W.D. Okla. Mar. 12, 2014), *Report and Recommendation Adopted by* 2014 WL 1328304 (W.D. Okla. Mar. 28, 2014); *see also Cohen v. United States*, 593 F.2d 766, 770–771 (6th Cir. 1979) (claims regarding the computation of sentencing credits are generally cognizable under § 2241); *Winston v. U.S. Attorney General*, Civil Action No. 3:12CV172, 2013 WL 3967292 (E.D. Va. Aug. 1, 2013) (addressing the merits of a petition brought under § 2241 where petitioner's claim was that the BOP failed to properly credit time served in state custody toward his federal sentence).

Here, as a threshold matter, it is clear that the defendant is seeking to challenge the execution of the prison terms to which he was sentenced and whether he is receiving appropriate credits towards his federal sentence for the time he served in the Santa Clara County Jail. (Doc. No. 391.)[2] While the sentencing court typically has jurisdiction over motions to contest the legality of a sentence, i.e., those brought under 28 U.S.C. § 2255, it is the court for the district in which defendant is being incarcerated which has jurisdiction over challenges to the manner of the sentence's execution, i.e., those brought under 28 U.S.C. § 2241. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000); *see also Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). Here, defendant is currently incarcerated in the Reeves Correctional Institution in Pecos, Texas. Therefore, the court with jurisdiction to hear defendant's claim with respect to the award of sentencing credits appears to be the United States District Court for the Western District of Texas. Because this court does not have jurisdiction over petitioner's pending application, it will be dismissed without prejudice to his filing of a § 2241 petition in the appropriate court following his exhaustion of administrative remedies provided by the Bureau of Prisons.

For these reasons, the government's motion to dismiss is granted and defendant's motion for clarification is dismissed without prejudice due to a lack of jurisdiction. (Doc. No. 394.) In light of this order, the court withdraws the referral of this matter (Doc. No. 396) to the Federal Defender's Office.

IT IS SO ORDERED.

Dated: **October 18, 2017**

UNITED STATES DISTRICT JUDGE

---

[2] The court notes that the judgment and commitment order entered following defendant's sentencing in this court provides that he was "committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 149 months, to run concurrently to the state sentence. (Doc. No. 255 at 2) (emphasis in original).